

RECEIVED

JUL 28 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

VERONICA ESPINO # 14760-006
FEDERAL CORRECTIONAL CAMP
P.O. BOX 5100
ADELANTO, CA. 92301

---

UNITED STATES DISTRICT COURT FOR THE

DISTRICT COURT OF ALASKA

UNITED STATES OF AMERICA )
           RESPONDENT )
 )
 )
V )     CRIMINAL CASE #
 )
 )
VERONICA ESPINO )
         PETITIONER )
_____ )

### AFFIDAVIT FROM VERONICA ESPINO

STATE OF CALIFORNIA    )
                  )
COUNTY OF SAN BERNARDINO )
_____ )

    COMES NOW PETITIONER VERONICA ESPINO (" ESPINO" ) requesting
this Honorable Court to accept this Affidavit and grant her the
opportunity to have an early release with her family.

    Petitioner Espino is not an expert in the law and pray that this
Honorable Court sees this Affidavit with Mercy.

    Petitioner Espino submitted a § 3582 Motion and request this
Honorable court to grant her a modification of her sentence and allow
her to have her sentence modified.

Petitioner Espino feels that a sentence of all this months is an unjust sentence and pray that this Honorable Court look into her mitigated factors and allow her to have a sentence reduce.

Under 18 U.S.C. § 3553 (a) the key requirement is that the sentence in each case must be "sufficient but not greater than necessary"

    (A) to reflect the seriousness of the offense to promote respect for the law and to provide just punishment for the offense.

    (B) to afford adequate deterrence to criminal conduct

    (C) to protect the public from further crimes of the defendant and

    (D) to provide the defendant with needed educational or vocational training medical care, or other correctional tratement in the most effective manner.

18 U.S.C. § 3553 (a)(2)

Moreover under 3553 (a)(1) a sentencing court must consider when deciding the sentence to be imposed the nature and the circumstances of the offense and the history and characteristics of the defendant

The court must also consider the kinds of sentence available 18 U.S.C § 3553 (a)(3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553 (a)(9) and the need to provide restitution to any victim of the offense 18 U.S.C. § (a)(7) .

This will lead to more individualized sentencing because after Booker the sentencing guidelines are only one factor out of many that must be considered by sentencing judges.

When courts had to impose sentence iwthin the guideline range (barring a departure), they were limited to considering these factors to determine where the range to impose sentence. It is now possible for courts to disagree with the judgement of the Sentencing Commission as to what the appropriate sentence should be.

In additon 18 U.S.C. § 3553 (a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training treatment or medical care in the most effective manner. This directive might conflict with the guidelines which in most cases offer only prison. In some cases a defendant education treatment or medical needs may be better served by a sentence which permits the offender to remain in the community Finally, 18 U.S.C. § 3553 (a)(7) directs courts to consider the need to provide restitution to any victims of the offense . In many cases, imposing a sentence of no or only a short period of imprisonment will best accomplish this goal by allowing the defendant to work and pay back the victim. The Guidelines do not account for this In fact, the former mandatory guideline regime forbid departures to faciliate restitution. United States v Seacott, 15 F.3d 1380, 1388-89 (7th Cir 1994).

As Booker decision also allows for consideration of factors previously precluded form consideration under the guidelines, as well as unusual factors present in a case. As Judge Lynn Adelman of the Eastern District of Wisconsin recently noted.

> under § 3553 (a)(1) a sentencing court must consider the "history and characteristics of the defendant in the instant case this is Espino's first offense she never had any

criminal history before this is not a violent crime and she is

not a treat to society, § 3553 (a)(1) require that the court evaluate

the "history and characteristics" of the defendant.  The only aspect

of a defendat's history that the guideline permit court to consider

is criminal history.  Thus in cases in whcih a defendant's history

and character are positive, consideration of all of the § 3553 (a)

factors might call for a sentence outside the guideline range.

United States v Ranum, _____F.Supp. 2d _____,2005 WL161223, 2005

U.S. Dist LEXIS 1338 (E.D. Wisc. 1/19/05) Judge Adelman concluded

in that case that a sentence below the sentencing guidelines was

justified.  In Ranum the defendant, a bank employee, had pleaded

guilty to misapplication of bank funds by a bank officer.  The

defendant's guideline range was 37-46 months, after upward adjustments

for loss, more than minimum planning, and abuse of position of

trust. However, after considering all of the relevant factors, Judge

Adelman imposed a sentence of one year and a day.  In concluding

that such a sentence was appropriate . Judge Adelman considered the

defendant's motive for the offense, his responsilibity for providing

care of his elderly parents, and his history. Thus, in cases

in which a defendant's history and character are positive consideration

of all of the § 3553(a)  factors might call for a sentence outside.

A judge imposed a sentence outside the guidelines in a case

involving a defendant with a  lengthy history of mental illeness,

whose need for treatment would be best addressed by a split sentence

in Zone C . United States v Jones,_____F. Supp. 2d_____,2005 WL 12730

2005 U.S. Dist LEXIS 833 (D.Me 1/21/05 (in 18 U.S.C § 922 (g)(4)

case (possession of firearm by person previously committed involun-
tarily to mental health institution), while concluding that it could
not grant departure sought by defendat, government, and probation to
take a defendant from Zone D to Zone C, court concluded that it could
achieve same result after Booker in considering Guidelines as
advisory and as one factor under 18 U.S.C. § 3553 (a).

    United States v Blume, 2005 WL 35816 (S.D.N.Y. Feb 14, 2005)
(defendant sentenced to probation because it represented his
first criminal conviction and he appeared to pose no threat to the
safety of the community).

    Honorable Judge for all these reasons I pray that you give me
the opportunity to modified my sentence and allow me to have a
lower sentence , I thank you for taking the time to this this motion
and revised my case again.

    I would like to express my thoughts, it has been more than **41**
months since you sentence me and they have been the longest months of
my life. I have been missing my children badly, I suffer from remorse
and regret what I did so much.

    I have gotten into almost every class there is to better myself, to
a better mother, daughter, wife, and jsut a better person. I even
finish my GED Class and I obtain my Certificate .

    Your Honor, I'm not a treat to society, I don't do drugs or
alcohol and as you can see in my record , I don't have any incident
report here at prison I was struggling and all I wanted was to
give my kids the best but now I realize I made the wrong choice.

    Your Honor, in this letter I'am asking for mercy and for you to

give me another opportunity.  I know for a fact I will not do the same mistake again. My daugthers need me .

Your Honor, throughout these long 78 months I can defenity say that I have learned my lesson I am ready to go to the society world to be a better citizen. I pray that you give me the opportunity to have a fresh start with my children.

For all these reasons petitioner pray that this Honorable Court accept this Affidavit and grant petitioner Espino the opportunity to have a sentence modification.

**RESPECTFULLY SUBMITTED ON THIS 22 DAY OF JULY, 2008**

VERONICA ESPINO # 14760-006
FEDERAL CORRECTIONAL CAMP
P.O. BOX 5100
ADELANTO, CA. 92301

## CERTIFICATE OF SERVICE

This is to certified that I Veronica Espino deposit this Affidavit

on a federal Correctional Camp Mailbox in the City of Adelanto

California, 92301.


VERONICA ESPINO # 14760-006
FEDERAL CORRECTIONAL CAMP
P.O. BOX 5100
ADELANTO, CA. 92301


DATED: _____ 7-22-08

```
VVM3K            *         PROGRAM REVIEW REPORT          *      04-03-2008
PAGE 001                                                         10:19:04

INSTITUTION: VVM  VICTORVILLE MED II FCI

NAME.......: ESPINO, VERONICA                    REG. NO: 14760-006
RESIDENCE..: FAIRBANKS, AK 99709

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: _____9|ɔ9_____
```

```
PROJ. RELEASE DATE..: 10-19-2010          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: ___10|08___      DETAINERS (Y/N): N

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N): N|A

PENDING CHARGES.....: _____None Known_____

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: Yes
     IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY     - - - - - -     CURRENT ASSIGNMENT - - - - - - - -    EFF DATE    TIME

CMA          PROG RPT        NEXT PROGRESS REPORT DUE DATE        06-07-2009  1734
CMA          RPP PART        RELEASE PREP PGM PARTICIPATES        06-19-2006  1735
CMA          V94 CDA913      V94 CURR DRG TRAF ON/AFT 91394       04-27-2006  1424
CUS          OUT             OUT CUSTODY                          03-20-2006  0937
DRG          DRG E COMP      DRUG EDUCATION COMPLETED             11-22-2006  1200
DRG          DRG I NONE      NO DRUG INTERVIEW REQUIRED           06-19-2006  1735
EDI          ESL HAS         ENGLISH PROFICIENT                   08-22-2006  0001
EDI          GED EARNED      GED EARNED IN BOP                    03-11-2008  1036
FRP          COMPLT          FINANC RESP-COMPLETED                02-17-2007  1705
LEV          MINIMUM         SECURITY CLASSIFICAT'N MINIMUM       03-17-2006  1048
MDS          REG DUTY        NO MEDICAL RESTR--REGULAR DUTY       03-19-2008  0640
MDS          YES F/S         CLEARED FOR FOOD SERVICE             03-19-2008  0640
QTR          G07-035U        HOUSE G/RANGE 07/BED 035U            03-20-2008  1159
RLG          OTHER           OTHER RELIGION                       03-29-2006  1400
WRK          C-WAREHOUS      WAREHOUSE                            03-21-2008  0001

WORK PERFORMANCE RATING: ___Outstanding_____
```

```
INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: ___None._____
```

```
FRP PLAN/PROGRESS:  TRUST FUND DEPOSITS PAST 6 MO: $ 2,175.00   Comun.

FRP PAYMENTS PAST 6 MO:  $ __0____      OBLG BALANCE: $ __0_____

CURRENT FRP PLAN: $ ____N|A____   PAYMENTS COMMENSURATE: YES ____ / NO ____
```

CORRECTIONAL CMP
5900
CA. 92301

2003

SAN BERNARDINO CA 924

23

UNITED STATES DISTRICT OF ALASKA
222 W. 7th Avenue Box 4
Anchorage, Alaska 99513-7564





JU

08

BE